UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-608-FDW
3:09-cr-39-FDW-13

| | |
|---|---|
| DARYL GIBBS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. (Doc. No. 14).

On August 30, 2010, Petitioner was convicted on one count of conspiracy to distribute and possess with intent to distribute one or more controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Petitioner was sentenced to a mandatory minimum term of 240-months' imprisonment. (3:09-cr-39, Doc. No. 455: Judgment). Petitioner filed a notice of appeal to the Fourth Circuit which was dismissed on the Government's motion. United States v. Gibbs, No. 10-4981 (4th Cir. filed Nov. 15, 2011). (Doc. No. 603).

On September 14, 2012, Petitioner, through counsel, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, contending that he is entitled to have his sentence vacated because his sentence was enhanced by a previous North Carolina conviction which the Fourth Circuit no longer defines as a felony. See United States v. Simmons, 649 F.3d 237, 243-45 (4th Cir. 2011) (en banc). The Court denied relief after finding recent case law from the Fourth Circuit, United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012), foreclosed relief

1

from Petitioner's sentence. See (3:12-cv-608, Doc. No. 2).[1] Petitioner appealed to the Fourth Circuit and the appeal was held in abeyance pending the Fourth Circuit's resolution of Miller v. United States, No. 13-6254 (4th Cir. 2013). On August 21, 2013, the Fourth Circuit published an opinion in Miller concluding that the holding in Simmons was retroactive to cases on collateral review. See Miller v. United States, ___, F.3d ___, 2013 WL 4441547 (4th Cir. 2013). On November 1, 2013, the Fourth Circuit vacated this Court's judgment in the § 2255 case and granted the joint motion to remand, filed by the Government and Respondent, with directions to reconsider Petitioner's § 2255 motion to vacate in light of the holding in Miller. (Doc. No. 14). On November 6, 2013, the Government filed a response in this Court noting its agreement that Petitioner should be entitled to be resentenced based on, among other authority, the Fourth Circuit's decision in Miller.[2] After having considered the record in this matter and the foregoing authority, and noting the positions of the parties, the Court finds that Petitioner's motion to vacate his mandatory minimum sentence should be allowed.

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's motion to vacate his mandatory minimum sentence under 28 U.S.C. § 2255 is **GRANTED**, but the Order vacating the sentence shall be stayed pending a resentencing hearing.

2. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court. (3:09-cr-39, Doc. No. 455).

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons and/or the United States Marshals Service pending a resentencing hearing.

---

[1] The Court also denied Petitioner's alternative claims for relief which were filed through counsel. (Doc. No. 9).
[2] The Government specifically declined to enforce Petitioner's decision to waive his right to contest his sentence in a collateral proceeding as provided for in his plea agreement. (Doc. No. 17 at 1).

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Federal Defenders of Western North Carolina shall appoint counsel to represent Petitioner for the purpose of the resentencing hearing.

6. The Clerk of Court shall writ the Petitioner back to the Western District of North Carolina and docket a resentencing hearing.

7. The Clerk's Office shall notify the Petitioner, the U.S. Attorney, the Federal Defenders of Western North Carolina, the Federal Bureau of Prisons, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The parties shall file sentencing memorandum no later than two (2) weeks prior to the resentencing hearing.

The Clerk of Court is directed to certify copies of this Order to the Petitioner, the Federal Defenders of Western North Carolina, the U.S. Attorney, the Federal Bureau of Prisons, the U.S. Marshals Service and the U.S. Probation Office.

**IT IS SO ORDERED.**

Signed: November 8, 2013

Frank D. Whitney
Chief United States District Judge